852 So.2d 289 (2003)
STATE of Florida, Appellant,
v.
Daniel Ray ERICKSON, Appellee.
No. 5D02-2637.
District Court of Appeal of Florida, Fifth District.
July 3, 2003.
Rehearing Denied August 19, 2003.
*290 Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellant.
Daniel R. Erickson, Spring Hill, pro se.
PETERSON, J.
The State of Florida appeals the trial court's denial of its request to amend its information against Daniel Ray Erickson, formerly known as John William Dickey.
The State originally charged Erickson with failure to register as a sexual offender as required by section 943.0435, Florida Statutes (2002). Erickson subsequently filed a pro se motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), "for failing to allege every element of the crime charged." The State's response indicated that there remained material issues of fact in dispute.
At the hearing on the matter, Erickson argued that no predicate offense had been established that would require him to register as a sexual offender pursuant to section 943.0435, Florida Statutes (2002), and that, in order to be required to comply with that statute, the State had to prove that he had committed a qualifying sex offense on or after October 1, 1997 or that he was still under some sanction for a qualifying sex offense committed prior to October 1, 1997. The lower court agreed with Erickson's interpretation and requested the State to provide evidence of a qualifying sex offense. During a continuation of the proceedings, the State's subsequent investigation confirmed that Erickson had at least three prior sex convictions involving children and that at least one of these convictions was an out-of-state conviction. The State then sought to amend its information to allege that Erickson qualified as a "sexual predator" pursuant to section 775.21(5)(d), Florida Statutes (2002), which includes those offenders who had been designated or could be designated as a sexual predator or offender in another state, and were required to register pursuant to section 943.0435. The State pointed out that if a person is a sexual predator pursuant to section 775.21(5)(d), there is no qualifying date.[1] The lower court found the State's actions "amount[ed] to a new substantive offense under a new statutory provision," and *291 without determining whether Erickson was prejudiced thereby, refused to allow the State leave to amend. The lower court then granted Erickson's motion to dismiss and declared the State's proposed amendment to the information to be improper. This appeal ensued.
It is well-settled that the state may amend its information pre-trial or even during trial, either as to substantive or non-substantive matters, unless the defendant is prejudiced thereby. E.g., Lackos v. State, 339 So.2d 217 (Fla.1976); State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989); Rivera v. State, 745 So.2d 343 (Fla. 4th DCA 1999); State v. Garcia, 692 So.2d 984 (Fla. 3d DCA 1997); Sanders v. State, 669 So.2d 356 (Fla. 5th DCA 1996). In the instant case, the State originally charged Erickson with failure to register as a sexual offender pursuant to the requirements of section 943.0435, Florida Statutes (2002). Then, after receiving copies of documents pertaining to Erickson's criminal history in other states, the State sought pre-trial to amend its information to charge Erickson with the failure to comply with the registration requirements of section 943.0435, Florida Statutes (2002), which pursuant to section 775.21(5)(d) required him to register as a sexual predator. Section 775.21(5)(d) includes those offenders who had been designated or could be designated as a sexual predator or offender in another state, and are required to register pursuant to the requirements of section 943.0435. The State's proposed amendment to its information would have only caused the information to read correctly based on the particular facts of Erickson's case. Whether Erickson qualified as a sexual offender under section 943.0435 as originally charged or as a sexual predator under section 775.21, he would have still been required to abide by the registration requirements of section 943.0435. Accordingly, Erickson could not have been prejudiced by the proposed amendment. Indeed, at the continued hearing on the matter, Erickson was prepared to argue why he did not come under provisions of section 775.21, the added statute violation referred to in the State's amended information. See, e.g., Lenoir v. State, 804 So.2d 507 (Fla. 3d DCA 2001) (amendment of information to include citation to reclassification of offense for use of firearm statute did not prejudice defendant as to any claimed defense, and thus was harmless, where language of original information stated that defendant attempted to kill the victim by shooting him with a firearm, and amendment caused information to read correctly); State v. Conte, 516 So.2d 1115 (Fla. 2d DCA 1987) (defendant did not show prejudice from State's delay in adding conspiracy count to information charging trafficking in cocaine where the conspiracy count would have been proven with the same witnesses who had been listed for the trafficking charge a year earlier and no further preparation for trial was necessary). In sum, because Erickson has failed to articulate any prejudice that would have been suffered by him if the lower court would have allowed the State to amend its information, we find the lower court abused its discretion in denying the State's request to amend its information. The order dismissing the information is vacated and remanded for further proceedings to include allowance of the amendment of the information by the State.
REVERSED and REMANDED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] Section 775.21, Florida Statutes (2002) ("The Florida Sexual Predators Act"), provides the process and criteria for designating persons convicted of various sex offenses as sexual predators and requires those so designated be subject to certain registration and community notification requirements. One criterion for those who offended in the state of Florida is that the qualifying sex offense was committed on or after a date specified in the statute. See § 775.21(4)(a), Fla. Stat. (2002); see also § 943.0435(1)(a)2, Fla. Stat. (2002). Since the courts of Florida have uniformly recognized that the Florida Sexual Predators Act is regulatory in nature and does not constitute punishment subject to constitutional ex post facto challenges, the need for a qualifying offense date within the Act is questionable. See, e.g., Fletcher v. State, 699 So.2d 346 (Fla. 5th DCA 1997) (ex post facto clause not violated when persons are designated as sexual predators under Florida Sexual Predators Act since this was neither a sentence nor a punishment, but was simply a status resulting from conviction of certain sex crimes). We call to the Legislature's attention that if section 775.21, Florida Statutes (2002), remains the way it is written with a qualifying offense date ("offense committed on or after October 1, 1993"), then, despite the case law in this area holding that the ex post facto clause does not apply to the Act, certain convicted sex felons will continue to be beyond the reach of the Act. The purpose of the Act to protect the public from repeat sex offenders, sex offenders who use violence, and those who prey on childrenis not met by excusing those offenders whose past convictions would qualify them for registration requirements of the Act but for the date in which their offense(s) had been committed. See § 775.21(3), Fla. Stat. (2002).