FULMER, Judge.
Carl Blue was convicted after a jury trial of throwing a deadly missile and aggravated assault. We reverse the conviction for throwing a deadly missile because the trial court erred in allowing the State to amend the Information to change an element of the offense after the State had rested its case.
Count one of the Information charged that, on July 18, 2002, Blue did “throw a certain missile, or hurled or projected a stone or other hard substance, to-wit: TRAILOR [sic] HITCH, which would produce death or great bodily harm, at, within or into a building, contrary to section 790.19, Florida Statutes.... ” Blue moved for a judgment of acquittal at the end of the State’s case arguing that while the information charged him with throwing a deadly missile within or into a building, the evidence showed that Blue had thrown a deadly missile into an occupied vehicle. In response to the motion, the State moved to amend the Information, and the trial court granted the State’s motion. The trial court allowed the State to amend count one of the Information to delete the word “building” and insert in the words “train, locomotive, railway car, caboose, cable railway car, street railway car, monorail car or vehicle of any kind that was being used or occupied by any person.”
Blue argues that the trial court erred in denying his motion for judgment of acquittal. He also argues that the trial court erred in allowing the amendment to the Information. We agree that the evidence did not support the charged offense and, thus, the trial court should have granted the motion for judgment of acquittal. See Long v. State, 92 So.2d 259, 260 (Fla.1957) (“The general rule is where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment.”). We also agree with Blue that it was error for the trial court to allow the amendment to the charging document because the amendment was not a mere correction of a scrivener’s error but instead was a change to an element of the offense. By allowing the amendment, the trial court permitted the jury to find Blue guilty of a charge for which he was not on trial, which was a violation of due process. See Green v. State, 728 So.2d 779 (Fla. 4th DCA 1999) (reversing conviction because, by granting the State’s motion to amend at the conclusion of its case to change the name of the battery victim, the trial court allowed the jury to find appellant guilty of a crime for which he had not been charged); see also Stang v. State, 421 So.2d 147 (Fla.1982) (holding that State failed to carry its burden of demonstrating a lack of prejudice to defendant when it sought to amend statement of particulars at trial).
Accordingly, we reverse and remand for the trial court to grant the motion for judgment of acquittal on count one. Because our reversal will affect the criminal punishment code scoresheet, we direct the trial court to resentenee Blue for the ag *1275 gravated assault conviction on remand after a new seoresheet is prepared.
Reversed and remanded.
SILBERMAN and COVINGTON, JJ., concur.