WOLF, J.
 

 Appellant challenges his conviction for aggravated battery with a deadly weapon on several grounds. In his first issue, appellant alleges the trial court erred in allowing the State to amend his charging information following the close of the State’s case. We agree and reverse.
 

 Appellant was originally charged with attempted second degree murder and the charging information alleged he:
 

 did unlawfully and [sic] perpetrated by an act imminently dangerous another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, did attempt to kill and murder [the victim], a human being, by BEATING [the victim] WITH A BAT, CINDER BLOCKS AND HIS HANDS...
 

 Following the close of the State’s case and the presentation of the first defense witness, the trial court held a charge conference. During the conference, the State requested for the first time that the lesser included offense of aggravated battery ■with a deadly weapon be added to the verdict form. Defense counsel vehemently opposed the inclusion of the lesser, alleging all necessary elements of the lesser had not been included in the original charge, namely, the element requiring the State prove the use of a deadly weapon.
 

 The trial court recognized the error, and instead of prohibiting the inclusion of the lesser, the court invited the State to amend the charging information prior to jury deliberation to add the necessary element of “with a deadly weapon.” The State amended the information, adding not only the deadly weapon language but fur
 
 *926
 
 ther including “hands and feet” as possible deadly weapons.
 

 On appeal, appellant asserts he was prejudiced by this late in trial amendment. We agree. While a trial court’s ruling on a motion to amend the information is reviewed for an abuse of discretion, it is well settled that the State may not amend an information during trial if the amendment prejudices the defendant.
 
 State v. Erickson,
 
 852 So.2d 289, 291 (Fla. 5th DCA 2003);
 
 Lachos v. State,
 
 339 So.2d 217 (Fla.1976). It is likewise clear the changing or adding of an offense in an information is a substantive change evoking prejudice and requiring a continuance.
 
 Peevey v. State,
 
 820 So.2d 422 (Fla. 4th DCA 2002). Further, an amendment that substantively alters the elements of the crime charged is per se prejudicial.
 
 Toussaint v. State,
 
 755 So.2d 170, 172 (Fla. 4th DCA 2000).
 

 Here, the addition of the “deadly weapon” language prejudiced appellant and requires reversal. Specifically, the State’s only reason for including the language was to provide support for the charging of the lesser included offense of aggravated battery with a deadly weapon, which would have been prohibited absent the amendment.
 
 See Lane v. State,
 
 861 So.2d 451 (Fla. 4th DCA 2003) (holding that, while aggravated battery may be a permissive lesser included offense of attempted murder depending on the “allegations in the information,” it may not be included on the verdict form if the information does not allege one of the necessary aggravators). Recognizing the mistake that was made (and perhaps the very real possibility that it had not met its burden on the attempted second degree murder charge), the State accepted the trial court’s imprudent invitation to amend the information and added the necessary aggravator.
 

 However, in doing so, the State and the trial court prejudiced appellant in two ways. First, appellant stated on record he chose to move forward on the sole charge of attempted murder because he believed the State had not met its burden and the jury would acquit him rather than convict him of the heightened offense. While risky, this was not an unsound gamble given the evidence presented at trial and the sentencing exposures in both offenses.
 

 Second, in adding the language late in the trial, the State foreclosed appellant’s ability to question witnesses in support of its argument that the alleged materials (hands, feet, cinder blocks, and a bat) were not deadly weapons. Thus, the late in trial amendment to the information prejudiced appellant in two distinct ways and should not have been permitted.
 

 Accordingly, we reverse. In reversing, we further find merit in appellant’s second issue alleging hands and feet may not support the jury’s finding of a deadly weapon without evidence suggesting special training.
 
 Dixon v. State,
 
 603 So.2d 570, 571 (Fla. 5th DCA 1992);
 
 Severance v. State,
 
 972 So.2d 931, 933 (Fla. 4th DCA 2007). Thus, we reverse with directions that appellant’s conviction and sentence for aggravated battery be stricken and a conviction for simple battery be imposed followed by resentencing.
 
 Dixon,
 
 603 So.2d at 571;
 
 D.B.B. v. State,
 
 997 So.2d 484 (Fla. 2d DCA 2008);
 
 E.J. v. State,
 
 554 So.2d 578 (Fla. 3d DCA 1989).
 

 REVERSED.
 

 KAHN and ROBERTS, JJ„ concur.