CASANUEVA, Judge.
 

 The State charged Thomas Alex Whitehall with fleeing to elude, a third-degree felony. After the speedy trial period had ended, the State filed a superseding information amending the charge to fleeing to elude with high speed or wanton disregard of persons or property, a second-degree felony. A jury convicted Mr. Whitehall of the superseding charge. Because the State could not charge Mr. Whitehall with a new offense after the speedy trial period ended, we reverse the conviction.
 

 Facts and Procedural History
 

 Tampa police arrested Mr. Whitehall on November 4, 2008, after they chased him on his motorcycle throughout Hillsborough County. On December 1, 2008, the State charged Mr. Whitehall with fleeing to elude, a third-degree felony. The last day of the 175-day speedy trial period fell on April 27, 2009. On May 11, 2009, Mr. Whitehall filed (1) a motion for discharge for failing to comply with speedy trial, and (2) a notice of expiration of speedy trial.
 

 On May 18, 2009, in court, the State filed a superseding information, amending the charge to fleeing to elude with high speed or wanton disregard for the safety of persons or property, a second-degree felony. The State arraigned Mr. Whitehall on the new charge. Mr. Whitehall then sought to have his motion for discharge heard. His main argument was that he should be discharged entirely because the State had violated speedy trial.
 
 [1]
 
 But he also argued that the State could not file the new second-degree felony charge based on the same conduct as the original third-degree felony charge because the speedy trial period had expired. The State disagreed, claiming that Mr. Whitehall waived speedy trial by accepting a trial date outside of speedy trial.
 

 STATE: Judge, and before you address [the recapture period issue], I ask that, if we need to listen to the transcript [sic], we can, going back to the date of April the 28th [2009] where counsel accepted affirmatively to his trial date [of May 18, 2009].
 

 COURT: A date outside of speedy trial?
 

 
 *602
 
 DEFENSE: We actually—
 

 COURT: Well, let me ask you a question ....
 

 Defense counsel did not explain whether or not Mr. Whitehall actually accepted the May 18 trial date at an April 28 hearing. The trial court eventually denied the motion for discharge and proceeded to trial. Mr. Whitehall was convicted of the second-degree felony offense and the trial court sentenced him to 364 days’ county jail.
 

 On appeal, Mr. Whitehall argues that the trial court erred in allowing the State to file an amended information charging a new offense after speedy trial had ended.
 

 The Speedy Trial Period
 

 Florida Rule of Criminal Procedure 8.191 provides the entitlement to and procedures for exercising speedy trial rights. Subsection (a) requires a defendant to be brought to trial within 175 days of his arrest for a felony. That means Mr. Whitehall should have been brought to trial on or before April 27, 2009. On May 11, 2009, Mr. Whitehall filed a notice of expiration of speedy trial.
 
 See
 
 Fla. R.Crim. P. 3.191(h). Once a defendant files that notice, the trial court must hold a calendar call to set the trial and ultimately bring the defendant to trial within fifteen days from the notice. Fla. R.Crim. P. 3.191(p)(3). This window gives the State an opportunity for “recapture”; a “last chance to bring the defendant to trial” before “he is forever discharged from the crime.”
 
 State v. Burnett,
 
 870 So.2d 858, 861 (Fla. 3d DCA 2004). Here, it appears the trial court held a calendar call and set the trial for seven days after the filing of the notice on May 18. Thus, the court complied with the requirements of rule 3.191 and gave the State its opportunity for “recapture.”
 

 Waiver
 

 The State contends that Mr. Whitehall waived his right to speedy trial by accepting a trial date outside of the speedy trial period at an April 28, 2009, hearing. But the record before this court does not contain a transcript of this supposed hearing. In fact, the only indication that a hearing even took place on April 28 is the prosecutor’s statement at the hearing on the motion to dismiss held immediately before trial on May 18.
 
 [2]
 

 Affirmative acceptance of a trial date outside of speedy trial constitutes a waiver of speedy trial, as does a stipulation announced to the court, but “mere silence” by the defendant when the trial date is set does not.
 
 See Saunders v. State,
 
 436 So.2d 166, 168 (Fla. 2d DCA 1983);
 
 State v. Swint,
 
 464 So.2d 242, 243 (Fla. 2d DCA 1985);
 
 see also State v. Ansley,
 
 349 So.2d 837, 838-39 (Fla. 1st DCA 1977). On the present record, there is no proof of a waiver by any of the acceptable methods. Thus we must conclude that there was none.
 
 See Martin v. State,
 
 449 So.2d 939, 940 (Fla. 4th DCA 1984) (reversing the denial of a motion for discharge based upon a violation of speedy trial when the record contained no documentation demonstrating the defendant waived his speedy trial rights). Further, Mr. Whitehall’s counsel never concurred with the State’s position at the May 18 hearing that Mr.
 
 *603
 
 Whitehall had accepted any trial date. The State’s citation to its own argument at that hearing fails to prove that Mr. Whitehall previously waived his rights.
 

 The Nature of the Offense
 

 [I]f an amended information is filed after the speedy trial time period has expired and the defendant has not previously waived his or her right to speedy trial, then upon proper motion by the defendant, the new charges contained in the amended information must be dismissed if they arose from the same criminal episode as the charges contained in the original information.
 

 State v. Clifton,
 
 905 So.2d 172, 178 (Fla. 5th DCA 2005).
 

 The State originally charged Mr. Whitehall with fleeing to elude under section 816.1935(1), Florida Statutes (2008):
 

 (1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 On May 18, after the speedy trial time period expired, the State amended the charge to the second-degree felony fleeing to elude under section 316.1935(3):
 

 (3) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding:
 

 (a) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 The State contends that its amendment was permissible because it “was merely a change in the section of the statute under which Whitehall was charged,” and that “[t]he change did not result in any prejudice.”
 

 Neither of these contentions has merit. First, when an amended charge contains an element that the original charge did not, the amended charge is a “new” offense for the purposes of speedy trial.
 
 State v. D.A.,
 
 939 So.2d 149, 153 (Fla. 5th DCA 2006) (certifying conflict on other grounds with
 
 Insko v. State,
 
 933 So.2d 679 (Fla. 2d DCA 2006),
 
 approved,
 
 969 So.2d 992 (Fla.2007)). Here, the plain language of section 316.1935(3) contains additional elements that subsection (1) does not. These include an appropriately marked law enforcement patrol vehicle, lights and siren activated, and high speed or wanton disregard for the safety of persons or property. The original information did not include any language related to these elements, but the amended information did. The State did not merely change a statute number. It changed much of the wording in the charge in order to assert all the additional elements required to prove a substantially different and new offense.
 

 Second, lack of prejudice does not have any bearing on whether an information can be amended to include a new charge after speedy trial has expired.
 
 See, e.g., D.A.,
 
 939 So.2d at 151 (holding that affirmance of a dismissal of new charges was required when speedy trial had lapsed, despite the fact that “the corree
 
 *604
 
 tion [of the charges in the amended information] would not have prejudiced D.A.’s ability to address the merits of the State’s case in any way”). Even if a lack of prejudice was important, we cannot say that Mr. Whitehall did not suffer prejudice in this case. Until he was charged with the offense described in subsection (3) he had no reason to investigate the elements exclusive to that offense, such as whether the law enforcement officers involved were driving “authorized law enforcement patrol vehicle[s], with agency insignia and other jurisdictional markings prominently displayed,” or whether the vehicle(s) had both “siren and lights activated.”
 
 See
 
 § 316.1935(3). And the Fifth District has held that the “[f]iling [of] an amended information that contains a new charge based on the same criminal episode as the previously filed charges is certainly prejudicial.”
 
 Clifton,
 
 905 So.2d at 178.
 

 Conclusion
 

 [Although the state may amend an information after the speedy trial time expires, the state may not circumvent the intent and effect of the speedy trial rule by lying in wait until the speedy trial time expires and then amending an existing information in such a way that results in the levying of
 
 new
 
 charges (if those new charges arise from the same facts and circumstances giving rise to the original charge).
 

 Pezzo v. State,
 
 903 So.2d 960, 962 (Fla. 1st DCA 2005). Therefore, rule 3.191’s recapture period provides a safe harbor for the State on a charge it has already levied, not on a new greater offense arising from the same criminal episode. Here, after the speedy trial period had run, the State discovered it had originally undercharged Mr. Whitehall. In attempting to fix that mistake by filing a new charge, the State circumvented the intent of rule 3.191. Consequently, we must reverse Mr. Whitehall’s conviction for fleeing to elude at high speed or with wanton disregard for the safety of person and property.
 

 By its verdict of guilt for the greater offense, the jury found all elements of the necessarily-included lesser offense of fleeing to elude under section 316.1935(1).
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 28.8 (designating an offense under section 316.1935(1) as a necessarily lesser-included offense of one under section 316.1935(3)). Therefore, on remand, the trial court shall enter judgment for the originally charged offense of fleeing to elude and sentence Mr. Whitehall accordingly, with credit for all time served.
 

 Reversed and remanded with instructions.
 

 KELLY, J., Concurs.
 

 VILLANTI, J., Concurs in result only.
 

 [1]
 

 . This argument had no merit and will not be discussed further.
 

 [2]
 

 . This court provided the State with two separate opportunities to supplement the record to support its contention that Mr. Whitehall affirmatively waived his right to speedy trial. The second order specifically directed the State to supplement the record on appeal with the transcript of the alleged April 28, 2009, hearing. The State declined to supplement the record, claiming that the existing record is sufficient and that it is not its burden to supplement the record. We therefore decide this case based upon the record before us.