PER CURIAM.
Appellant seeks review of the summary denial of his rule 3.850 motion for postcon-viction relief in which he claimed that his trial counsel was ineffective for not objecting to the filing of an amended information charging a new offense after expiration of the speedy trial period.[1] We issued a Toler[2] order, and in response, the State argued that the denial of this claim should be reversed and remanded for further proceedings. We previously reversed for further proceedings on this claim, see McDuffie v. State, 77 So.3d 848 (Fla. 1st DCA 2012), and we decline to do so again. Instead, for the reasons that follow, we reverse and remand with instructions that the trial court enter judgment against Appellant for the originally charged offense and resentence him accordingly.
In order to prevail on a claim of ineffective assistance of trial counsel, a defendant must establish that 1) counsel’s performance was constitutionally deficient and 2) there is a reasonable probability that the outcome of the proceedings would have been different absent the deficient performance. See Spencer v. State, 842 So.2d 52, 61 (Fla.2003) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Appellant established both elements in this ease.
Appellant was arrested on August 23, 2007, and charged with sale or delivery of cocaine, a second-degree felony. The 175-day speedy trial period expired on February 14, 2008, and Appellant filed a notice of expiration of speedy trial and a motion for speedy trial on February 22, 2008. The case was set for trial on March 3, 2008, within the “recapture period” provided by the speedy trial rule.
On February 28, 2008, the State filed an amended information charging Appellant with sale or delivery of cocaine within 1,000 feet of a school, a first-degree felony. Appellant’s trial counsel did not object to the amended information, and on March 3, 2008, Appellant was taken to trial on the charge alleged in the amended information. The jury found Appellant guilty as charged, and the trial court sentenced him to 15 years in prison consecutive to a sentence in an unrelated case.
Appellant argues that his trial counsel performed deficiently by not objecting to the amended information filed after expiration of the speedy trial period. We agree. The law is clear that “although the state may amend an information after the speedy trial time expires, the state may not circumvent the intent and effect of the speedy trial rule by lying in wait until the speedy trial time expires and then amending an existing information in such a way that results in the levying of new charges (if those new charges arise from the same facts and circumstances giving rise to the original charge).” Pezzo v. State, 903 So.2d 960, 962 (Fla. 1st DCA 2005) (emphasis in original); see also State *320 v. D.A., 939 So.2d 149 (Fla. 5th DCA 2006) (holding that an amended petition filed after speedy trial period and charging a new offense violates defendant’s speedy trial rights); State v. Clifton, 905 So.2d 172 (Fla. 5th DCA 2005) (explaining that the filing of an information to allege a new crime after expiration of the speedy trial period is prejudicial to the defendant). A “new” offense is one that contains an element that the originally charged offense did not contain. See D.A., 939 So.2d at 153. Here, the offense charged in the amended information contained an element that the offense charged in the original information did not contain, ie., that the offense was committed within 1,000 feet of a school. See Cox v. State, 764 So.2d 711, 713 (Fla. 1st DCA 2000) (reversing conviction under section 893.13(l)(c), Florida Statutes, because “the state failed to prove an essential element of the charged offense, i.e., that the offense was committed within 1,000 feet of a school”).
Counsel’s failure to object to the amended information prejudiced Appellant in that he was taken to trial on, found guilty of, and sentenced for an improperly charged, more serious crime.[3] See Clifton, 905 So.2d at 178. Additionally, as we stated in our opinion affirming Appellant’s conviction, his counsel’s failure to object to the amended information precluded our review of the issue on direct appeal. See McDuffie v. State, 28 So.3d 102, 103 (Fla. 1st DCA 2009) (affirming Appellant’s conviction “[bjecause the propriety and timeliness of the amended information was not raised in the trial proceedings”).
Had counsel objected and preserved the issue, the remedy on direct appeal would not have been dismissal of the amended information and discharge from the crime alleged in the original information as Appellant contends.[4] Rather, the remedy would have been reversal of the conviction for the offense charged in the amended information and remand for entry of judgment and resentencing on the original charge. See Whitehall v. State, 81 So.3d 599 (Fla. 2d DCA 2012) (reversing conviction for fleeing to elude under section 316.1935(3) and remanding for entry of judgment on the original charge of fleeing to elude under section 316.1935(1) where the former charge was alleged in an amended information filed after expiration of the speedy trial period but the jury’s guilty verdict on that charge necessarily included a finding of guilt on the original charge).
There is no reason the remedy should be any different in the postconviction context. Here, as in Whitehall, Appellant was taken to trial within the recapture period and the jury’s guilty verdict on the amended charge (sale or delivery of cocaine within 1,000 feet of a school) neces *321 sarily includes a finding of guilt as to the original charge (sale or delivery of cocaine) because all of the elements of the latter offense are contained in the former offense. Compare § 893.13(l)(a)l., Fla. Stat. (2006) with § 893.13(l)(e)l., Fla. Stat. (2006); see also Cox, 764 So.2d at 713 (reversing a conviction for sale of cocaine within 1,000 feet of a school and remanding with directions to enter judgment for the lesser included offense of sale of cocaine). Accordingly, we reverse the denial of Appellant’s motion for postconviction relief and remand with instructions that the trial court enter judgment on the charge of sale or delivery of cocaine and resentence Appellant accordingly.
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
THOMAS, WETHERELL, and MARSTILLER, JJ., concur.

. The motion raised several other claims, none of which have merit. We affirm the denial of those claims without further comment.

. Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).

. We recognize that the 15-year sentence imposed for the first-degree felony conviction based on the amended information could have been imposed on the second-degree felony charged in the original information. However, because the trial court elected not to sentence Appellant to the statutory maximum for the offense that he was convicted of, the outcome of the proceedings may very well have been different had Appellant been taken to trial only on the second-degree felony.

. Appellant’s reliance on rule 3.191(n) for this remedy is misplaced. Although that rule provides that a discharge based on a violation of the speedy trial rule bars prosecution of the charged crime as well all other lesser included offenses based on the same conduct, the plain language of the rule indicates that the bar applies only to those crimes "on which trial has not commenced.” Here, Appellant was effectively taken to trial on the crime charged in the original information during the recapture period by virtue of the fact that it was a lesser included offense of the crime charged in the amended information.