PER CURIAM.
In this criminal appeal, Appellant contends that the trial court erred in denying his motion for discharge because the amended information filed after the expiration of the speedy trial period charged him with a new offense. We affirm for the reasons that follow.
In October 2015, Appellant was stopped for a traffic infraction. He was arrested after a consensual search of his pockets resulted in the discovery of $1195 in cash, 46 small plastic baggies, and a bag containing five grams of a white powdery substance. A field test of the substance “appeared to test positive” for cocaine, but the substance was “sent to FDLE for verification.”
In March 2016, Appellant was charged with possession of cocaine with the intent to sell within 1000 feet of a school in violation of section 893.13(l)(c)l., Florida Statutes (2015) (count I) and possession of drug paraphernalia—the small plastic baggies (count II). Appellant did not waive the speedy trial period.
In May 2016, after the speedy trial period expired, the state filed an amended information reducing the charge in count I to possession of a controlled substance in violation of section 893.13(6)(a) because it was determined by- the FDLE testing that the white powdery substance was pyrro-lidinovalerophenone (PVP) * rather than cocaine. The amended information reasserted count II as originally charged.
Appellant thereafter filed a motion for discharge on the ground that the amended information charged him with a new offense after the expiration of the speedy trial period. At the hearing on the motion, defense counsel argued that the amendment to count I after the speedy trial period was “inherently prejudicial” to Appellant. But, when the trial court asked defense counsel whether the amended information “changefs], in any way, how you intend to defend th[e] case, whether the substance turns out to be cocaine or whether it turns out to be PVP,” defense counsel candidly responded “[Pjrobably not, Your Honor.” The court denied the motion for discharge.
Appellant then entered a no contest plea reserving the right to appeal the denial of his motion for discharge. The trial court accepted the plea and sentenced Appellant to 18 months in prison on count I and time served—four days—on count II. This appeal followed.
This Court has explainéd that “although the state may amend an information after the speedy trial time expires, the state may not circumvent the intent and effect of the speedy trial rule by lying in wait until the speedy trial time expires and then amending an existing information in such a way that results in the levying of new charges (if those new charges arise from the same facts and circumstances giving rise to the original charge).” Pezzo v. State, 903 So.2d 960, 962 (Fla. 1st DCA 2005) (emphasis in original). “A ‘new’ offense is one that contains an element that *240 the originally charged offense did not contain.” McDuffie v. State, 135 So.3d 317, 320 (Fla. 1st DCA 2012) (citing State v. D.A., 939 So.2d 149, 153 (Fla. 5th DCA 2006)); see also Whitehall v. State, 81 So.3d 599, 604 (Fla. 2d DCA 2012) (reversing judgment and sentence for crime charged in an amended information filed after expiration of the speedy trial period during the recapture period and stating that the “recapture period provides a safe harbor for the State on a charge it has already levied, not on a new greater offense arising from the same criminal episode”) (emphasis added).
Here, Appellant was not charged with a “new” offense, as described in the cases cited above. The offense charged in count I of the amended information is a necessarily-included lesser offense of the offense charged in count I of the original information, See Fla. Std. Jury Instr. (Crim.) 25.6 (2015) (listing Possession of a Controlled Substance as a category 1 lesser-included offense of Possession of a Controlled Substance with Intent to Sell in Specified Locations). As such, it does not contain any elements that the originally-charged offense did not contain. See generally Brown v. State, 206 So.2d 377, 381-82 (Fla. 1968) (explaining that necessarily-included offenses are those that are “an essential aspect of the major offense,” meaning that “the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence”).
Additionally, even if the charge alleged in count I of the amended information was considered a “new” offense because it specified a different controlled substance than was specified in the original information, we would still affirm because Appellant failed to allege or establish any specific prejudice resulting from this change. See State v. Mulvaney, 200 So.3d 93, 96 (Fla. 5th DCA 2015) (“An amendment is generally permissible ... when it ‘merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice.’ ”). (quoting Green v. State, 728 So.2d 779, 780 (Fla. 4th DCA 1999)); State v. Clifton, 905 So.2d 172, 178 (Fla. 5th DCA 2005) (affirming dismissal of an entirely new charge contained in an amended information filed after the expiration of the speedy trial period and explaining that “the central inquiry is whether the defendant was prejudiced by the amended information”); cf. Wright v. State, 41 So.3d 924, 926 (Fla. 1st DCA 2010) (reversing trial court’s ruling that allowed the State to amend the information during trial to allege an element of a permissive lesser-included offense because “an amendment that substantively alters the elements of the crime charged is per se prejudicial”).
Accordingly, because the trial court correctly denied Appellant’s motion for discharge, we affirm his judgment and sentence.
AFFIRMED.
WETHERELL, MAKAR, and KELSEY, JJ., CONCUR.

 PVP is commonly known as "Flakka.”