# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1021

_____

MARLON EDGARDO LARA-
CASTILLO,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

April 18, 2018

WINSOR, J.

Marlon Lara-Castillo was convicted of lewd or lascivious molestation. The court sentenced him to twenty-five years. On appeal, Lara-Castillo contends the trial court should have granted his motion for judgment of acquittal and, alternatively, that he deserves a new trial because the prosecutor made improper arguments below. We affirm.

Lara-Castillo's victim, a girl who lived nearby, was eight years old at the time of the crime. She was nine when she testified at trial that Lara-Castillo touched her "under and over" her clothes. She explained that she visited Lara-Castillo's apartment one morning to meet her younger sisters, who were eating breakfast

there. After she arrived, Lara-Castillo had her sit on his lap, and he asked her how old she was and if she had any friends. Then he touched her. She and her sisters ran home, where she immediately told her mother what happened.

The child's mother testified too. She said the child came home that morning "afraid and crying." The mother explained that she did not immediately call police because she could not speak English and had no one to translate for her. Instead, she went to see her pastor. The pastor arranged a meeting with himself, the mother, and Lara-Castillo. Both the mother and the pastor testified that Lara-Castillo admitted at the meeting that he touched the child, (the pastor said he admitted touching the child "in her parts . . . between her legs"), and that he asked for forgiveness. But they both acknowledged Lara-Castillo insisted the touching was accidental.

About a week after the meeting with the pastor, the mother contacted police through a friend. Police soon found Lara-Castillo, just as he was leaving his apartment with a duffel bag containing clothes, his passport, and $900 in cash. After waiving his *Miranda* rights, Lara-Castillo answered officers' questions and admitted touching the child, maintaining the touching was accidental. But he gave officers inconsistent details: He first said he touched only the upper part of the child's body and only with the back of his hand. But he later said he it was the front of his hand and her thigh, near her private area.

After the State presented this and other evidence at trial, Lara-Castillo moved for a judgment of acquittal, arguing there was no evidence he touched the child in a "lewd or lascivious manner." *See* § 800.04(5)(a), Fla. Stat. (2016); *cf. also Chesebrough v. State*, 255 So. 2d 675, 677 (Fla. 1971) ("The words 'lewd' and 'lascivious' behavior when used in a statute to define an offense has been held to have the same meaning, that is, an unlawful indulgence in lust, eager for sexual indulgence."); Fla. Std. Jury Instr. (Crim.) 11.10(c) ("The words 'lewd' and 'lascivious' mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act."). Lara-Castillo argued that the child never testified to intent and that the only evidence of intent was his statement that the entire incident was an accident. The court

denied the motion, and Lara-Castillo raises the same argument here. We review de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 1992).

The problem with Lara-Castillo's argument is that intent is almost always established through circumstantial, rather than direct, evidence. *Green v. State*, 90 So. 3d 835, 837 (Fla. 2d DCA 2012) ("Intent, a state of mind, is rarely susceptible of direct proof. It is almost always shown solely by circumstantial evidence."); *Manuel v. State*, 16 So. 3d 833, 835 (Fla. 1st DCA 2005) ("[D]irect evidence of intent is rare, and intent is usually proven through inference . . . ."). And while no witness testified that Lara-Castillo touched the child for "sexual indulgence" or with "sensual intent," jurors could have found he did, based on the evidence: Lara-Castillo placed the girl on his lap before touching her under her clothes and between her legs. The girl ran home scared and crying. Lara-Castillo gave inconsistent accounts of what happened, and police found him carrying a duffel bag with items consistent with an effort to flee. *Cf. Twilegar v. State*, 42 So. 3d 177, 196 (Fla. 2010) (holding that "evidence of flight . . . after the fact of a crime is admissible as 'being relevant to consciousness of guilt which may be inferred from such circumstances.'" (quoting *Straight v. State*, 397 So. 2d 903, 908 (Fla. 1981))). Considering all the evidence in the light most favorable to the State, *see Ibeagwa v. State*, 141 So. 3d 246, 246–47 (Fla. 1st DCA 2014), we conclude a reasonable jury could find Lara-Castillo touched the child "in a lewd or lascivious manner."

Finally, we reject Lara-Castillo's separate argument that he is entitled to a new trial based on allegedly improper comments in the State's closing arguments and during his cross-examination. As Lara-Castillo acknowledges, he presented no objection to the comments below, and we conclude that there was no fundamental error.

AFFIRMED.

JAY and M.K. THOMAS, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.