# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-3660

_____

NGOC C. THACH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Francis Allman, Judge.

September 24, 2020

PER CURIAM.

Ngoc Thach challenges his convictions and sentences on four counts of lewd or lascivious molestation involving his three stepdaughters. At trial, the State was permitted to amend four counts of the information (out of 15 total counts) over Appellant's prejudice objections. The four counts had previously been charged as sexual batteries: two counts of sexual battery involving a child under 12, *see* § 794.011(2)(a), Fla. Stat., and two counts of sexual battery by familial authority involving a person between the ages of 12 and 18 years old, *see* § 794.011(8)(b), Fla. Stat. After the amendment, the trial culminated with a jury finding Appellant guilty on these four counts and others.

In *Lackos v. State*, 339 So. 2d 217, 219 (Fla. 1976), the Florida Supreme Court set forth due process standards for amending an

information during trial. Abandoning "highly technical and formalistic requirement[s]," it determined that the State "may *substantively amend* an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." *State v. Anderson*, 537 So. 2d 1373, 1375 (Fla. 1989) (emphasis added) (discussing *Lackos*); *see also Wright v. State*, 41 So. 3d 924, 926 (Fla. 1st DCA 2010) (recognizing that "it is well settled that the State may not amend an information during trial if the amendment prejudices the defendant"); *State v. Erickson*, 852 So. 2d 289, 291 (Fla. 5th DCA 2003) ("It is well-settled that the state may amend its information pre-trial or even during trial, either as to substantive or non-substantive matters, unless the defendant is prejudiced thereby.").

In Appellant's case, we agree with the trial court's conclusion that the State's substantive amendment of four counts from sexual battery to lewd or lascivious molestation did not prejudice Appellant's substantial rights. While the two crimes are different, the manner that these four sexual battery counts were charged in the second amended information were such that the amended lewd or lascivious molestation charges could not help but have been proven if the greater offense allegations were proven. Specifically, before the amendment, the second amended complaint alleged "sexual activity" in each of the four sexual battery counts and that Appellant digitally or with his penis penetrated and/or made union with specific parts of his victims' bodies. The witness testimony supporting the State's case proved the allegations, except that the sexual-touch evidence fell short of proving the "penetration and/or union" elements of the sexual battery charges. The apparent absence of "penetration and/or union" evidence on these counts prompted the State to seek amendment of the four charges to lewd or lascivious molestation, which required a lesser showing of sexually oriented touching—only that Appellant "intentionally touche[d] . . . the . . . genitals, genital area, or buttocks, or the clothing covering them" of his victims in a lewd or lascivious (i.e., unchaste or sensual) manner. *See* § 800.04(5)(a), Fla. Stat.; *Lara–Castillo v. State*, 244 So. 3d 354, 355 (Fla. 1st DCA 2018) (discussing the definition of "lewd or lascivious manner"); *see also Anderson v. State*, 291 So. 3d 531, 538 (Fla. 2020) (recognizing the

State's prerogative to amend an information based upon subsequent factual developments).

Appellant's counsel objected to the State's motion to amend the information claiming prejudice from not being able to ask the witnesses more questions about the touching: "[the amended charge] would require evidence of lewd and lascivious touching. I could have cross-examined the witness more in that sense had I known the State might proceed on that charge." The basis for the objection is not crystal clear. But we see no prejudice in any touching-related issues because the second amended information charged the crimes in a way that the elements of the lewd or lascivious molestation charges were subsumed in the sexual battery charges. *Cf. Williams v. State*, 957 So. 2d 595, 599 (Fla. 2007) ("[W]hen the State alleges that the victim was between ages twelve and fifteen in a count charging a violation of section 794.011(3) (sexual battery as defined), that charge subsumes lewd or lascivious battery under section 800.04(4)(a) (sexual activity as defined)."); *Roughton v. State*, 185 So. 3d 1207, 1210 (Fla. 2016) (recognizing that "the conduct constituting capital sexual battery will as a practical matter ordinarily—if not always—also constitute lewd or lascivious molestation"). That is, the second amended information charged Appellant with committing sexual acts and "engag[ing] in sexual activity" such that Appellant was on notice of the sexual nature of the incidents charged by the State. Because the State charged the greater crimes in a manner that encompassed the amended lesser crimes, it caused no prejudice by amending the information. We therefore agree with the trial court's prejudice assessment and decision to allow the State to amend the information at trial.

Furthermore, we cannot imagine what other questions that Appellant would have asked the witnesses about the manner of his touches. The State charged and convicted Appellant on other counts of lewd or lascivious molestation against the same victims. And Appellant's trial tactics on these counts never suggested that the stepdaughters misinterpreted Appellant's touching, or that he did not conduct these acts in a sensual manner. Appellant cross-examined each victim, knowing that he was charged with multiple counts, including other lewd or lascivious acts, without questioning how he touched them. Instead, Appellant's defensive

3

posture was that his victims' allegations were all fabricated. Thus, we cannot conclude that Appellant "allege[d] or establish[ed] any specific prejudice resulting from this change" to the information. *See Holland v. State*, 210 So. 3d 238, 240 (Fla. 1st DCA 2017).

Finally, the cases cited by the dissent are different than the circumstances presented here because the amended charges in those cases were not subsumed within the prior charges and trial evidence as they are here. *See, e.g.*, *Wright*, 41 So. 3d at 926 (amendment at trial raised new proof issues regarding the use of a deadly weapon); *Viladoine v. State*, 268 So. 3d 804, 806 (Fla. 4th DCA 2019) (amendment at trial raised new evidentiary issues regarding the existence of a specific object); *Blue v. State*, 876 So. 2d 1273, 1274 (Fla. 2d DCA 2004) (amendment of the alleged missile target injected new proof issues).

AFFIRMED.

B.L. THOMAS and OSTERHAUS, JJ., concur; BILBREY, J., dissents with opinion.

─────────────────────

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

─────────────────────

BILBREY, J., dissenting.

Following his conviction for twelve felonies and one misdemeanor, Appellant challenges his conviction and sentences for four of the felonies. I would reverse those four convictions and vacate the sentences imposed.[1] Because the majority affirms, I respectfully dissent.

─────────────

[1] The convictions and sentences imposed on the other counts, including six life sentences, would be unaffected by reversing the four convictions.

4

By a second amended information, Appellant was charged with fifteen counts arising from his alleged sexual abuse of his three stepdaughters. After the State rested its case-in-chief, Appellant moved for a judgment of acquittal as to counts 2 and 3, each of which alleged sexual battery by a person age 18 or older upon a child under the age of 12 years, a crime known as capital sexual battery. *See Allen v. State*, 298 So. 3d 704 (Fla. 1st DCA 2020); § 794.011(2)(a), Fla. Stat. (2016). The prosecutor initially agreed that a JOA was warranted as to counts 2 and 3. The prosecutor also agreed that a JOA was warranted as to count 8, which alleged sexual battery by a person in familial or custodial authority of a child between the age of 12 and 18 years. *See* § 794.011(8)(b), Fla. Stat. (2016). Further, the prosecutor conceded that the evidence did not establish capital sexual battery as alleged in count 1.

As for counts 12 and 13, the prosecutor argued that those counts of sexual battery by a person in familial or custodial authority of a child between the age of 12 and 18 years, should be "JOAed down to a lesser included offense[s] of molestation." Defense counsel reminded the trial court that lewd and lascivious molestation is not a lesser included offense of sexual battery by a person in familial or custodial authority. *See* Fla. Std. Jury Instr. (Crim.) 11.1. The trial court agreed to give the parties some time to consider the appropriate dispositions.

After a break, the prosecutor announced that she did not think, after all, the charges could be reduced by "JOA-ing . . . down," and therefore, she orally moved to amend count 1 from capital sexual battery to lewd or lascivious molestation. The defense objected. When asked what prejudice the defense would suffer, defense counsel replied that his cross-examination would have been different, and he would have cross-examined the victim regarding the evidence to support lewd or lascivious touching. The objection was overruled. The State was also permitted to orally amend counts 2, 12, and 13 to allege lewd or lascivious molestation rather than sexual battery, over the objection of the defense. A judgment of acquittal was entered as to counts 3 (capital sexual battery) and 8 (sexual battery by a person in familial or custodial authority on a child between the age of 12 and 18 years).

5

In *Wright v. State*, 41 So. 3d 924, 926 (Fla. 1st DCA 2010), this court explained:

> While a trial court's ruling on a motion to amend the information is reviewed for an abuse of discretion, it is well settled that the State may not amend an information during trial if the amendment prejudices the defendant. *State v. Erickson*, 852 So.2d 289, 291 (Fla. 5th DCA 2003); *Lackos v. State*, 339 So.2d 217 (Fla.1976). It is likewise clear the changing or adding of an offense in an information is a substantive change evoking prejudice and requiring a continuance. *Peevey v. State*, 820 So.2d 422 (Fla. 4th DCA 2002). Further, an amendment that substantively alters the elements of the crime charged is per se prejudicial. *Toussaint v. State*, 755 So.2d 170, 172 (Fla. 4th DCA 2000).

Sexual battery is defined to mean "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 794.011(1)(h), Fla. Stat. (2016). While lewd and lascivious molestation is defined as when a perpetrator "intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator." § 800.04(5)(a), Fla. Stat. (2016). Sexual battery and lewd or lascivious molestation have different elements. *See Roughton v. State*, 185 So. 3d 1207, 1210 (Fla. 2016) ("Although the conduct constituting capital sexual battery will as a practical matter ordinarily—if not always—also constitute lewd or lascivious molestation, the formal elements of these two crimes are quite distinct.").[2]

---

[2] Lewd or lascivious battery is a permissive lesser included offense of sexual battery, *Williams v. State*, 957 So. 2d 595. 599 (Fla. 2007), and thus an "acquittal down" could not have been granted reducing the charges to lewd or lascivious battery either. *See State v. Green*, 149 So. 3d 1146, 1148 (Fla. 2d DCA 2014) (explaining that only a necessarily lesser included offense of the charged offense may be the subject of an "acquittal down").

As was the case in *Viladoine v. State*, 268 So. 3d 804 (Fla. 4th DCA 2019), *Simbert v. State*, 226 So. 3d 883 (Fla. 4th DCA 2017), and *Diaz v. State*, 38 So. 3d 791 (Fla. 4th DCA 2010), the oral amendments to counts 1, 2, 12, and 13 altered the elements of the crime charged and thus were per se prejudicial. Indeed, before the oral amendment was sought, the State had conceded a judgment of acquittal was warranted as to counts 1 and 2 and that insufficient proof had been offered as to counts 12 and 13, as alleged. When the State is permitted to amend a charge in mid-trial, not merely to correct a scrivener's error, but instead to change an element of the offense, a defendant is thus subjected to be found "guilty of a charge for which he was not on trial" and such a result is a violation of due process. *See Blue v. State*, 876 So. 2d 1273, 1274 (Fla. 2d DCA 2004); *see also Green v. State*, 728 So. 2d 779, 781 (Fla. 4th DCA 1999).

Accordingly, I would reverse the convictions entered on counts 1, 2, 12, and 13 of the second amended information (numbered 1, 2, 10, and 11, respectively, on the verdict), and vacate those convictions. Since the majority affirms, I respectfully dissent.

———————————————

Andy Thomas, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.