675 So.2d 652 (1996)
Tommy L. NORTHARD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0928.
District Court of Appeal of Florida, Fourth District.
June 12, 1996.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's conviction and remand for new trial because the prosecutor's remarks on opening statement and closing argument, to which defense counsel unsuccessfully objected, were improper. No motion for mistrial was necessary. Simpson v. State, 418 So.2d 984 (Fla.1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983).
During opening statement, the state told the jury:
The State is confident that after you review all the evidence that will be presented to you during this trial, you will deliberate and come back with a verdict, a verdict that simply reflects the truth; that the defendant in this case was caught red-handed.
Defense counsel argued that the statement was improper because it says that the only facts which reflect the truth are those indicating appellant's guilt. Like the instruction in Gibbs v. State, 193 So.2d 460 (Fla. 2d DCA 1967), the prosecutor's comment could have resulted in a juror voting to convict appellant because the juror believed that in truth appellant committed the crime, even if the state had not met its burden of proof.
*653 During closing argument, the state told the jury:
If you believe the defendant's events the police cannot possibly be telling you the truth, and you've got to decide if that's what they did and they got up here and deliberately fabricated evidence and fabricated testimony for you in order to convict this guy. In order to find him not guilty you're going to have to believe that. And that's what your verdict, in order to find him not guilty you're going to have to believe that the defendant was telling the truth and the officer was lying strictly about the twenty-dollar bill because there's really not much else
This argument was impermissible because it improperly asked the jury to determine who was lying as the test for deciding if appellant was not guilty. See Clewis v. State, 605 So.2d 974 (Fla. 3d DCA 1992). Prosecutorial remarks similar to those made here have been determined to constitute error because they invite the jury "to convict the defendant for a reason other than his guilt of the crimes charged." Bass v. State, 547 So.2d 680, 682 (Fla. 1st DCA) (arguing that if jury is going to tell state's witness he lied, then find defendant not guilty, but if jury is going to tell defendant he lied, then find defendant guilty), rev. denied, 553 So.2d 1166 (Fla. 1989); accord Ryan v. State, 457 So.2d 1084, 1089 (Fla. 4th DCA 1984) (asking jury not to set defendant free into community in part because she was a liar), rev. denied, 462 So.2d 1108 (Fla.1985).
The errors were not harmless.
GLICKSTEIN, WARNER and POLEN, JJ., concur.