KLEIN, J.
Appellant was convicted of throwing a deadly missile and argues that the prosecutor’s personal attack on his counsel in closing argument requires reversal. We affirm.
Appellant was separated from his wife. When he saw his mother-in-law and her eleven year old granddaughter in an automobile, he tapped on the window and asked his mother-in-law for his estranged wife’s address. The mother-in-law locked the doors. Appellant then threatened to kill her and her whole family, hit the top of the car and the driver’s side window with his motorcycle helmet, and then threw his helmet at the rear window of the car, causing it to shatter.
In final argument the state, in response to an argument made by defense counsel to the effect that he personally would or would not have been afraid under certain circumstances, made the following argument:
Prosecutor: Counsel testified that he wouldn’t be afraid. I submit to you that attorneys testify the way they’re paid to testify. He’s got a lot of money telling you why he wouldn’t be afraid. You ask a 65 year old lady, eleven year old kid, while they’re boxed in their own carport without their-without her husband home, with this lunatic, a man acting like a lunatic, banging that -
[Defense counsel]: Objection, your Hon- or. He’s mischaracterizing what I said. First of all in terms of money, that’s not even relevant here.
The Court: Okay. This is not the time for another rebuttal argument. This is just argument.
Appellant argues that this remark is tantamount to telling the jury that defense counsel was a “hired gun,” an argument we strongly disapproved in Barnes v. State, 743 So.2d 1105 (Fla. 4th DCA 1999).
Prior to these remarks, defense counsel, in closing argument, attacked the credibility of the victim, stating:
If you were scared would you open — roll down the window to speak to someone? I wouldn’t. I would have kept the windows locked. I’d have beeped my horn. That’s not the sign of a scared person.
Shortly thereafter, in attempting to show that his client was in fear, defense counsel made the following argument, referring to the appellant and the victim:
Then he got on his motorcycle. Miss Danyluck followed him. She’s scared. She’s scared. She’s right behind him. She goes into her house. Picks up something that is black, she’s a security officer. Heck, I would be afraid.
MR. EVANS: Objection. Improper argument as to the counsel would be afraid.
THE COURT: I’ll overrule the objection.
MR. ARIAS: Thank you. Now she follows him. She picks up this thing that’s black. He’s afraid. I would be too.
The argument suggesting that defense counsel was being “paid to testify” was grossly improper. Barnes and cases cited. Defense counsel’s argument, however, in which he told the jury that he personally would have been afraid or not have been afraid was just as improper. In addition, defense counsel’s objection did not apprise the trial court of the precise argument made here, that this was an improper personal attack on counsel. If defense counsel had made a more specific objection the trial court might well have sustained it.
In light of defense counsel’s opening the door, and the lack of specificity of the *1059 objection, we find no reversible error. We have considered the other issue raised by appellant and find it to be without merit. Affirmed.
SCOLA, ROBERT N., Jr., Associate Judge, and TAYLOR, J., concurs.