TAYLOR, J.
 

 Appellant and a co-defendant were charged by information with robbery with a firearm (Count I) and aggravated assault with a firearm (Count II). In this appeal from his convictions and sentences on these charges, appellant argues that the trial court erred in allowing the state to amend the robbery count of the information after jury selection and in imposing a mandatory minimum three-year prison term on the aggravated assault charge. We affirm.
 

 Alexander Tyshynsky testified at trial that he was the disc jockey and night manager at Playmates Lounge on the night of the robbery. Earlier that afternoon, he removed $300 in three stacks of singles from the locked cash drawer and placed them in front of the cash register for Linda Yatsko, the bartender. Tyshyn-sky then went back to the sound booth to work. He heard a very loud bang and saw people dropping to the floor. He saw two men brandishing weapons in the air and yelling for everyone to get down. Both men had large caliber automatic pistols. One of the men jumped over the bar, pointed his gun in Tyshynsky’s face, and told him to “be cool.” The man then went to the register and grabbed the $300 at the register.
 

 Linda Yatsko was named as the sole victim in the robbery count. At the start of trial, just after jury selection, the state moved to amend the information to
 
 *422
 
 name Alex Tyshynsky as an additional victim in the robbery count.
 
 [1]
 
 Defense counsel objected, explaining to the court that he had deposed both Yatsko and Tyshyn-sky and prepared the case based on the information’s allegation that the money was taken from the custody of Linda Yat-sko. Defense counsel stated:
 

 Mr. Tyshinsky (sic) did give a deposition, he was no where (sic) near the money neither was Linda Yatsco (sic), that was our whole defense. I have prepared and brought case law from my motion for judgment of acquittal. I have reviewed statutes and the jury instructions regarding custody and control and for now the State, who has announced ready (sic), has been in touch with their witnesses, has the benefit of the depositions, has the power to amend or seek to amend since January of 2007, hasn’t done so and is now, after we picked the jury, starting the witnesses to amend is completely prejudicial to the Defense.
 

 Defense counsel further explained that Mr. Tyshynsky had stated at the deposition that he was in the sound booth when the robbery was committed. He argued:
 

 He was not in possession of the money at the time, that was the taking, and I specifically asked that because this is where I’ve been going the whole time on this case. And I have case law which indicates where there are a group of employees and you cannot have the taking from any of those employees, it has to be from the one who has custody and control. And that particular case they brought the employee and made her take the money, open the cash register, take the money out and they took it from her. That was the robbery of her. They were also convicted to robbery, one of the other employees, they said, no, you can’t do that because she didn’t have custody and control of the money and that’s why I have that case law.
 

 The prosecutor responded that defense counsel had been able to take depositions of both Yatsko and Tyshynsky and that there could be no prejudice because, as defense counsel pointed out, his defense was the same whether the named victim was Tyshynsky or Yatsko. We agree with the state that defendant did not show any prejudice resulting from the amendment and that the court did not abuse its discretion by allowing the state to amend the information.
 
 See Toussaint v. State,
 
 755 So.2d 170, 171 (Fla. 4th DCA 2000) (quoting
 
 State v. Anderson,
 
 537 So.2d 1373, 1375 (Fla.1989)) (“the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant.”).
 

 We further find that the trial court did not err in imposing a three-year minimum mandatory prison term on the defendant’s five-year sentence for aggravated assault under Section 775.087(2), Florida Statutes (2006), the 10/20/life statute, because the information as to Count II alleged that during the commission of said felony the defendant did actually possess a firearm, and the jury found the defendant guilty as charged.
 
 See Altieri v. State,
 
 835 So.2d 1181, 1184-85 (Fla. 4th DCA 2002) (holding that the trial court did not err in imposing a three-year mandatory minimum under the 10/20/life statute where the jury found the defendant guilty of aggravated assault “as charged in the information” and the information alleged that the defendant “used a deadly weapon, to wit:
 
 *423
 
 a firearm” during the commission of the aggravated assault).
 

 Affirmed.
 

 HAZOURI and MAY, JJ., concur.
 

 [1]
 

 . Ms. Yatsko did not appear at trial because, as the state discovered a week before trial, she was confined in an institution in Pennsylvania.