STEVENSON, J.
 

 Guillermo Diaz, twenty-eight, was charged with two counts of sexual battery on a person less than twelve years old and two counts of lewd or lascivious molestation on a person less than twelve years old. Count III specifically charged Diaz with sexual battery on a person less than twelve years old by inserting his fingers into the victim’s vagina on October 26, 2006, in violation of section 794.011(2)(a), Florida Statutes (2006). During trial, after the State rested, defense counsel moved for a judgment of acquittal as to count III, contending that the State had not proven digital penetration. In response, the State sought to amend count III to include oral union with the victim’s vagina. The trial court permitted the amendment over defense objection. The jury found Diaz guilty as charged. The trial court adjudicated Diaz guilty of only counts I, III, and IV, however, reasoning that an adjudication of counts II and IV would violate double jeopardy. The trial court sentenced Diaz to life for count I, to run concurrently to life for count III, to run concurrently to twenty-five years for count IV. We find merit in Diaz’s argument that the trial court erred in denying his motion for judgment of acquittal.
 

 “ ‘Where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged.’ ”
 
 Zwick v. State,
 
 730 So.2d 759, 760 (Fla. 5th DCA 1999) (quoting
 
 Long v. State,
 
 92 So.2d 259, 260 (Fla. 1957)). For example, in
 
 Tillman v. State,
 
 559 So.2d 754, 754 (Fla. 4th DCA 1990), this court reversed a conviction for sexual battery- where the State’s information
 
 *793
 
 charged the defendant with “ ‘penetration’ ” but not “ ‘union with’ ” under section 794.011(l)(h), Florida Statutes (1987), and the State’s evidence did not establish that penetration occurred.
 

 “ ‘[T]he state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant.’ ”
 
 Toussaint v. State,
 
 755 So.2d 170, 171 (Fla. 4th DCA 2000) (quoting
 
 State v. Anderson,
 
 537 So.2d 1373, 1375 (Fla.1989)). However, “[pjroof of another separate and distinctly different crime rather than the one charged constitutes a fatal variance in proof which in a criminal case cannot be ‘cured’ by amending the charging document to conform to the proof of the crime not charged.”
 
 Rose v. State,
 
 507 So.2d 630, 632 (Fla. 5th DCA 1987).
 

 Because the State initially charged digital penetration and proved only oral union, we reverse Diaz’s judgment of conviction and sentence as to count III, holding that this difference is a fatal variance in proof that cannot be cured by amending the information. We affirm without discussion Diaz’s convictions as to counts I and IV.
 

 Reversed and remanded.
 

 GROSS, C.J., and CIKLIN, J., concur.