PER CURIAM.
We affirm appellant’s conviction and sentence. The issue he raises with respect to the amendment of the information during trial was disposed of by this court in the appeal of his co-defendant in Jean v. State, 11 So.3d 421 (Fla. 4th DCA 2009). His claim that his statement should have been suppressed because he invoked his rights at a magistrate’s hearing lacks merit because it did not occur when custodial interrogation was imminent, see Sapp v. State, 690 So.2d 581, 584 (Fla.1997), and also because appellant himself reinitiated contact with police after the invocation. *1026 See Edwards v. Arizona, 451 U.S. 477, 484, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981) (“[H]aving expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.” (Emphasis added)). Finally, he was not entitled to a judgment of acquittal. See Perry v. State, 801 So.2d 78, 86-87 (Fla.2001) (property can be taken from a person’s custody “if it is sufficiently under the victim’s control so that the victim could have prevented the taking if [he] had not been subjected to the violence or intimidation by the robber”).
WARNER, STEVENSON and TAYLOR, JJ., concur.