PER CURIAM.
Julio Augustine was convicted of home invasion robbery with a firearm and armed false imprisonment. He received a sentence of life in prison as a prison releasee reoffender for the home invasion robbery and a sentence of thirty years in prison as a habitual violent felon for the false imprisonment. On appeal he raises five issues, only one of which merits discussion. Augustine claims that the cumulative effect of numerous improper arguments made by *941 the prosecutor during closing argument constitutes fundamental error requiring reversal.
The transcript of the state’s closing argument reads like a primer for prosecutors entitled, “What Not to Say During Closing Argument.” Indeed, the prosecutor encouraged the jury to render a verdict based on its sympathy for the victim. See Wicklow v. State, 48 So.3d 85, 87 (Fla. 4th DCA 2010) (citations omitted) (finding that prosecutor’s comment, “[a]s is usually the case, the victim is on trial for something,” was an improper appeal “to the jury for sympathy for the victim”); Johns v. State, 832 So.2d 959, 962 (Fla. 2d DCA 2002) (finding prosecutor’s request to jury that it show sympathy for the victim was “clearly improper”). The prosecutor argued that an acquittal would be “unjust.” See Servís v. State, 855 So.2d 1190, 1194 (Fla. 5th DCA 2003) (“It is improper for an attorney to give a personal opinion as to the justness of the cause_”). The prosecutor invited the jury to return a guilty verdict based on what the jurors believed the “truth” was. See Northard v. State, 675 So.2d 652, 652-53 (Fla. 4th DCA 1996) (finding that prosecutor’s argument improperly invited jury to find defendant guilty based on a determination of the “truth” rather than a finding that the state established guilt beyond a reasonable doubt). The prosecutor suggested the jury could find Augustine carried a firearm during commission of the offense based on the victim’s belief that Augustine carried a firearm. See Dicks v. State, 75 So.3d 857, 859-60 (Fla. 1st DCA 2011) (recognizing that prosecutor erred in giving an incorrect interpretation of the law during closing argument); Butler v. State, 602 So.2d 1303, 1305 (Fla. 1st DCA 1992) (noting the state may not prove that defendant carried a firearm during a robbery “by presenting evidence of nothing more than the victim’s subjective belief that the defendant possessed a ‘firearm’ ”).
Likewise, the transcript of the defense counsel’s closing argument reads like a primer for defense attorneys entitled, “What You Must Say During Closing Argument.” Any one of the improper arguments here may have warranted reversal if preserved. But because defense counsel failed to object to the arguments,[1] Augustine has no choice but to resort to a fundamental error argument on appeal.
“Fundamental error in closing argument is error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Thompson v. State, 88 So.3d 322, 324 (Fla. 4th DCA 2012) (citations, quotation marks, and alteration omitted). See also Bell v. State, 108 So.3d 639, 650 (Fla.2013) (finding cumulative effect of prosecutor’s improper comments “did not affect [defendant’s] trial such that a guilty verdict could not have been obtained in their absence”). Although the state’s case was based entirely on circumstantial evidence, we cannot say that a conviction could not have been obtained absent the prosecutor’s improper arguments. Consequently, we affirm.

Affirmed.

MAY, CIKLIN and LEVINE, JJ., concur.

. Defense counsel did object to one argument, but no ruling was secured. Thus, the objection did not preserve the issue for appeal. See Hall v. State, 92 So.3d 223, 225-26 (Fla. 4th DCA 2012) ("To be preserved, the issue or legal argument must be raised and ruled on by the trial court.”).