Forst, J.
Appellant Denton Robinson appeals the trial court’s verdict finding him guilty of three counts of committing sexual battery on a child between twelve and eighteen years of age. On appeal, Appellant challenges the trial court’s jury instructions; on that issue, we affirm without discussion. Appellant also contends the State committed fundamental error in closing arguments. Although we agree, as discussed below, that the State’s prosecutor made several inappropriate comments during closing argument, we hold that these comments, both singularly and collectively, did not rise to the level of fundamental error. Accordingly, Appellant’s conviction is affirmed.
Background
The victim in this case was G.W., a seventeen-year-old female. Appellant had dated G.W.’s mother and had lived with the family since G.W. was eleven. At trial, G.W. recounted that Appellant was basically a step-father. But after G.W. turned seventeen, Appellant began approaching her in a sexual manner. Eventually, G.W. called the police. A detective interrogated Appellant and he admitted several times to having sexual relations with G.W. before she turned eighteen. He admitted to both digital and penile penetration. Appellant’s only argument in his defense was that the sexual relations were consensual. At trial, the State’s main evidence consisted of G.Ws testimony and Appellant’s confession recorded and played to the jury.
During closing argument, the State prosecutor described Appellant’s confession as “disgusting” and “disturbing,” and opined: “First of all, it is not consensual sex. That is bad enough. It is rape .... It is torture. He tortured her. He tortured her for weeks, and he had her keep his secrets.” The prosecutor continued, “we put on a lot of evidence that indicated this was not consensual in any way, shape or form. This was torture. This was rape. That is what makes it worse. That is what makes it a lot worse, a lot worse.”
The prosecutor implored the jury to “[f]ind [Appellant] guilty so [G.W.] can move on, try to repair her relationship with her mother, try to repair the rest of her life .... That is what she needs.” Last, the prosecutor asked the jury to imagine what really must have happened between Appellant and G.W.: “Gan you imagine what really must have happened? ... Can you imagine how bad it must have really been[?]”
Analysis
We review the trial court’s determination on whether the State prosecutor made impermissible arguments during closing for abuse of discretion. Braddy v. State, 111 So.3d 810, 837 (Fla. 2012). Here, because Appellant only objected to one of the State’s closing comments, we review the other questionable comments for fun *61 damental error.[1] “[F]undamental error in closing argument occurs when the prejudicial conduct, in its collective import, is so extensive that its influence pervades in trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury.” Capron v. State, 948 So.2d 954, 956-57 (Fla. 5th DCA 2007).
We conduct a two-part inquiry to determine if closing comments comprise fundamental error. First, we determine whether the comments were impermissible. Generally, “[w]ide latitude is given [to] the parties so that they may ‘advance all legitimate arguments and draw logical inferences from the evidence.’” Rivera v. State, 840 So.2d 284, 286 (Fla. 5th DCA 2003) (quoting McArthur v. State, 801 So.2d 1037, 1040 (Fla. 5th DCA 2001)). However, closing argument “must not be used to inflame the minds and passions of the jurors so that their verdict reflects an emotional response ... rather than the logical analysis of the evidence.” Bertolotti v. State, 476 So.2d 130, 134 (Fla. 1985).
Second, we must determine whether the impermissible comments rise to the level of fundamental error. As the Florida Supreme Court explained, such comments must “reach[ ] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Kilgore v. State, 688 So.2d 895, 898 (Fla. 1996) (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla. 1991)); see also Bell v. State, 108 So.3d 639, 650 (Fla. 2013) (finding cumulative effect of prosecutor’s improper comments “did not affect [the defendant’s] trial such that a guilty verdict could not have been obtained in their absence”). “Whether this [occurred] depends upon the facts of each case.” Paul v. State, 958 So.2d 1135, 1136 (Fla. 4th DCA 2007).
Here, the State’s prosecutor made several impermissible comments during closing. In fact, as in a recent case before this Court, “[t]he transcript of the state’s closing argument reads like a primer for prosecutors entitled, What Not to Say During Closing Argument.’ ” Augustine v. State, 143 So.3d 940, 941 (Fla. 4th DCA 2014).
First, the State’s prosecutor inflamed the minds and passions of the jurors, attempting to play to their emotions. See Cochran v. State, 711 So.2d 1159, 1162-63 (Fla. 4th DCA 1998) (holding that the prosecutor committed fundamental error by appealing to the jurors’ emotions rather than to a rational review of the evidence). From the onset, she called Appellant’s confession “disgusting” and “disturbing.” She exclaimed, “First of all, it is not consensual sex. That is bad enough. It is rape. ... It is torture. He tortured her. He tortured her for iveeks, and he had her keep his secrets.” (emphasis added).
The prosecutor also asked the jury to render a guilty verdict so that the victim “can move on, try to repair her relationship with her mother, try to repair'the rest *62 of her life .... That is what she needs.” (emphasis added). Besides again playing to the jurors’ emotions, the prosecutor was asking the jury to convict Appellant based on a reason other than a determination of guilt. See Johns v. State, 832 So.2d 959, 962 (Fla. 2d DCA 2002) (holding that prosecutor’s request that the jury exercise sympathy for the victim was “clearly improper”); Northard v. State, 675 So.2d 652, 652-53 (Fla. 4th DCA 1996) (holding prosecutor erred by asking jury to render guilty verdict based on the “truth” of what actually happened even if the State failed to present evidence that defendant was guilty); Bass v. State, 547 So.2d 680, 682 (Fla. 1st DCA 1989) (similar).
Additionally, the prosecutor improperly bolstered her argument. The prosecutor asked the jury, “Can you imagine what really must have happened? ... Can you imagine how bad it must have really been[?]” See Brinson v. State, 153 So.3d 972, 975-76 (Fla. 5th DCA 2015) (“Improper bolstering occurs when the State ... indicates that information not presented to the jury supports the witness’s testimony.” (alteration in original) (quoting Hutchinson v. State, 882 So.2d 943, 953 (Fla. 2004), abrogated on other grounds by Deparvine v. State, 995 So.2d 351 (Fla. 2008))).
Notwithstanding the over-the-top nature of these closing statements, they do not comprise fundamental error. The State presented strong evidence that Appellant was guilty through the victim’s testimony as well as Appellant’s own confession. Appellant’s lengthy confession is telling. In it, he only contests whether the sexual relations with the victim were consensual. However, “willingness or consent of the victim” is not a consideration with respect to the crime of Sexual Battery upon a Child by a Person in Familial or Custodial Authority. § 794.011(8), Fla. Stat. (2013). In light of the overwhelming evidence of Appellant being guilty of the charges filed against him, the prosecutor’s statements were not prejudicial enough to “snatch defeat from the jaws of victory.” We cannot say that the errors reach down into the validity of the trial to the extent that a verdict of guilty could not have been obtained without the assistance of the prosecutor’s improper arguments.
Conclusion
We understand the reasons for the passion expressed by the prosecutor. However, our system is not one of passion, but one of law. It must be understood that there are two distinct components to a criminal trial—the determination of innocence or guilt and, if the latter, sentencing. The impact of the crime on the victim is best addressed at the sentencing hearing, with attention to proving the objective elements of the charges the focus of the trial itself. Here, the State made several impermissible comments during closing that (1) appealed to the jury’s emotions, (2) improperly bolstered its argument, (3) constituted personal opinion, and (4) misstated the jury’s obligation to find Appellant guilty beyond a reasonable doubt. Nonetheless, as discussed above, these errors in this case did not rise to the level of fundamental error. Accordingly, we affirm.

Affirmed.

Taylor and Klingensmith, JJ., concur.

. Appellant made one objection during closing, following the prosecutor’s statement “it is hard as a member of a jury to think, now, I’m a person, I can’t believe a person did this to another human being, or thought he had the right to do this.” In objecting, Appellant maintained that this statement is “Golden Rule,” "[b]ecause [the prosecutor] placed the jury in a position of the defendant being the alleged victim in this case.” The trial court properly overruled this sole objection, stating that "[i]t is my understanding when you ask [the jury] to stand in the shoes of the victim, like man, this is happening to you, which is not the language she used.” The trial court was correct that Appellant mischaracterized the prosecutor’s statement, See, e.g., Garron v. State, 528 So.2d 353, 358, 359 n.6 (Fla. 1988) (holding statement asking jury to ”[i]magine the anguish and the pain that [the victim] felt as she was shot in the chest” violated Golden Rule and was clearly prohibited).