DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETERSON BALTAZARE SIMBERT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1633

[August 23, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 14016476CF10A.

Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant was charged with three counts of lewd or lascivious battery on a child over twelve years old. After the victim testified, the state amended the information, over appellant's objection, to change one count from oral to digital penetration. Thus, we are asked to determine if the mid-trial amendment constituted prejudice to appellant. We find that in these circumstances, where the amendment changed an "essential element" of the charged crime and was not merely a clarification of some details, the amendment prejudiced appellant and thus we reverse count III. We further find the state's closing argument improperly asked the jury to determine if the victim was lying as the test for determining appellant's guilt, but we nevertheless affirm because the issue was not properly preserved. We affirm appellant's other arguments without discussion.

The state filed a criminal information alleging three counts of lewd or lascivious battery of a child over twelve years of age but less than sixteen years of age. Count I alleged that appellant engaged in sexual activity with the victim by "causing his penis to penetrate or unite with [the victim's]

vagina." Count II alleged that appellant engaged in sexual activity with the victim by "causing his sexual organ to penetrate or unite with [the victim's] mouth and/or tongue." Count III alleged that appellant engaged in sexual activity with the victim by "causing his mouth and/or tongue to penetrate or unite with [the victim's] sexual organ." None of the counts in the filed criminal information alleged digital penetration.

At trial, the victim testified that while appellant was living with her family, he woke her up in the middle of the night and led her out into the hallway. Appellant then placed his hand under her underwear and touched her vagina. After that first incident, appellant put his fingers inside her vagina on five or six occasions. Appellant tried to put his penis inside of her but she did not know if he succeeded. Appellant told her that "it wasn't going to hurt" and "that it never went in." The victim performed oral sex on appellant two times, and appellant performed oral sex on her more than five times. After appellant moved out, he continued to communicate with the victim. Appellant told her to keep their sexual relationship a secret because he could get in trouble for it.

During the trial, and after the victim's testimony on direct, the state moved to amend count III of the information, which had alleged oral penetration, to allege that appellant engaged in sexual activity with the victim by causing "[a]n object, to wit, his finger(s) to penetrate the [victim's] vagina." The state, however, did not seek to change the statute alleged to have been violated, section 800.04(4)(a). Defense counsel objected, arguing that the amendment would change an element of the crime and would prejudice the defense. The trial court overruled the objection and permitted the amendment. The jury ultimately found appellant guilty as charged of all counts.

On appeal, appellant argues the trial court erred in allowing the state to amend count III of the information during trial. Appellant claims that by amending the count from oral to digital penetration, the state alleged a completely different means of committing sexual battery and effectively filed a new charge.

A trial court's ruling allowing the state to amend the information is reviewed for abuse of discretion. *Jean v. State*, 11 So. 3d 421, 422 (Fla. 4th DCA 2009). "[T]he state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." *Green v. State*, 728 So. 2d 779, 780 (Fla. 4th DCA 1999). Prejudice occurs where the amendment "constitutes the charging of a different crime" or

2

"change[s] the 'essential elements of the charged offense.'" *Toussaint v. State*, 755 So. 2d 170, 171-72 (Fla. 4th DCA 2000) (citation omitted). "[A]n amendment that substantively alters the elements of the crime charged is per se prejudicial." *Wright v. State*, 41 So. 3d 924, 926 (Fla. 1st DCA 2010). In contrast, an "amendment is permissible when it merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice." *Green*, 728 So. 2d at 781. *See also Toussaint*, 755 So. 2d at 171-72 (finding no prejudice in amending the information during trial to change the defendant's age because it was not an element of the crime of sexual battery).

In the instant case, count III of the original information charged appellant with oral penetration, while count III of the amended information charged appellant with digital penetration. Both the original and amended information alleged a violation of section 800.04(4)(a). Section 800.04(4)(a), Florida Statutes (2013), provides that a person "commits lewd or lascivious battery" when he "[e]ngages in sexual activity with a person 12 years of age or older but less than 16 years of age." "Sexual activity" is defined as "the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 800.04(1)(a), Fla. Stat. (2013).

We find the trial court erred in permitting the amendment. Although the amendment did not change the crime charged, that being section 800.04(4)(a), the amendment did change an essential element of the charged offense from oral to digital penetration. *See Toussaint*, 755 So. 2d at 171-72. Further, the amendment did not merely clarify some detail of the existing charge. *See Green*, 728 So. 2d at 781.

In *Green*, this court found harmful error in permitting mid-trial amendment to allege a different victim in a charge for battery of a law enforcement officer. This court found this was not an amendment but rather "the filing of a new and entirely different offense." *Id.* The court explained, "This is not a case of an amendment which merely clarified or corrected a simple misnomer," "[n]or is it a case of simply correcting the name of the victim where only a single officer was involved and no one, including the defendant, reasonably could have been misled as to the identity of the victim." *Id.* By permitting the amendment, the trial court allowed the jury to find the defendant guilty of "a crime for which he had not been charged and for which he was not on trial." *Id.* *See also Hutchinson v. State*, 738 So. 2d 473, 474 (Fla. 4th DCA 1999) (finding harmful error in permitting the state to amend the information, after a motion for directed verdict, to name a different police officer in the charge

for resisting arrest without violence).

In *Green* and *Hutchinson*, like in the present case, the amendment did not change the statute, but substituted an essential element. In *Green*, the amendment substituted one law enforcement officer for another. In the present case, the amendment substituted oral penetration with digital penetration. Like in *Green* and *Hutchinson*, the mid-trial amendment constituted "the filing of a new and entirely different offense," and was not merely clarification of details. *Green*, 728 So. 2d at 781. *See also Blue v. State*, 876 So. 2d 1273, 1274 (Fla. 2d DCA 2004) (holding the trial court erred in allowing an amendment to the charging document that "was not a mere correction of a scrivener's error but instead was a change to an element of the offense"); *Diaz v. State*, 38 So. 3d 791, 793 (Fla. 4th DCA 2010) (reversing where the state amended the information, after defense counsel moved for a judgment of acquittal, to allege oral union instead of digital penetration).

Appellant also argues the trial court abused its discretion in overruling defense counsel's objections to improper arguments during closing argument. "[A]ttorneys are afforded wide latitude in presenting closing arguments. The control of these comments is within the trial court's discretion, and an appellate court will not interfere unless an abuse of such discretion is shown." *Dufour v. State*, 905 So. 2d 42, 64 (Fla. 2005) (citation omitted).

During rebuttal closing argument, the state argued:

> The judge is going to read you the law. One of the things that he's going to tell you is that it's not the number of witnesses or the number of exhibits that the state attorney, that's me, puts into evidence, it is the quality. I can prove a case with just one witness just on their testimony. If you believe [the victim] he sits here guilty.

Defense counsel objected on the ground of improper characterization, and the trial court overruled the objection.

The state also argued:

> But let's give you that and say she is a pathological liar, she lied on the stand, she lied to the nurse, she lied to everybody, and she lied about the injury to her, and then she deleted all of the messages and she tried to somehow railroad him into

4

this because she is a criminal mastermind and not a teenage girl who was sitting up here crying while she tried to recount to you one of the worse things that ever happened. If you believe all of that you should walk him. If you believe all of that, if all of that is true [appellant] is either the unluckiest man alive or he is guilty.

Defense counsel objected based on improper argument, and the trial court overruled the objection.

On appeal, appellant asserts these arguments constituted improper burden-shifting because they asked the jury to determine who was lying as the test for deciding if appellant was guilty. Initially, appellant's argument is not preserved. With respect to the first closing argument challenged on appeal, the objection raised below, that being improper characterization, is different from the argument raised on appeal, improper burden-shifting. "In order to preserve an issue for appeal, counsel must preserve the issue by making a specific objection to the admission of evidence on the same grounds as raised on appeal." *Castro v. State*, 791 So. 2d 1114, 1115 (Fla. 4th DCA 2000).

With respect to the second closing argument challenged on appeal, the objection of "improper argument" was insufficient to preserve the issue for appeal. *See Braddy v. State*, 111 So. 3d 810, 850 (Fla. 2012) (finding that objection on grounds of improper argument was "nonspecific" and insufficient to preserve argument for appeal); *Jones v. State*, 760 So. 2d 1057, 1058 (Fla. 4th DCA 2000) (holding that objection on grounds of "[i]mproper argument" "did not apprise the trial court of the precise argument made here").

These arguments, though unpreserved, were inappropriate and thus error. As the supreme court has stated:

The standard for a criminal conviction is not which side is more believable, but whether, taking all the evidence into consideration, the State has proven every essential element of the crime beyond a reasonable doubt. For that reason, it is error for a prosecutor to make statements that shift the burden of proof and invite the jury to convict the defendant for some reason other than that the State has proved its case beyond a reasonable doubt.

*Gore v. State*, 719 So. 2d 1197, 1200 (Fla. 1998); *see also Clewis v. State*,

605 So. 2d 974, 975 (Fla. 3d DCA 1992) ("The test for reasonable doubt is not which side is more believable, but whether, taking all of the evidence in the case into consideration, guilt as to every essential element of the charge has been proven beyond a reasonable doubt."). For this reason, it is "impermissible [to] . . . ask[] the jury to determine who was lying as the test for deciding if appellant was not guilty." *Northard v. State*, 675 So. 2d 652, 653 (Fla. 4th DCA 1996).

The comments in the instant case are similar to those which have been found improper. In *Gore*, the supreme court reversed where the prosecutor argued that if the jury believed defendant was lying, he was guilty. 719 So. 2d at 1200-01. Similarly, in *Northard*, this court reversed where the prosecutor argued that if the jury believed the defendant, it must conclude the police officers were lying. 675 So. 2d at 653. *See also Freeman v. State*, 717 So. 2d 105, 106 (Fla. 5th DCA 1998) (finding improper burden-shifting where the prosecutor told the jurors that if they believed the police officers instead of the defendant, then they should find the defendant guilty). We do not reverse on this particular issue because it was not properly preserved. We remind prosecutors again to refrain from arguments such as those in the instant case.

In sum, we affirm appellant's convictions for counts I and II, reverse appellant's conviction for count III, and remand for the trial court to vacate his conviction and sentence on that count.

*Affirmed in part, reversed in part, and remanded.*

CONNER, J., and SMALL, LISA, Associate Judge, concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**