DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHERMAN COLSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4267

[October 11, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2012-CF-009385-CXXX-MB.

Antony P. Ryan, Regional Counsel, and Dan Hallenberg, Special Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals his convictions for first-degree murder and robbery with a firearm, asserting that the trial court erred in denying his motion to suppress. Appellant and co-defendant Sammiel both appealed the denial of the motion to suppress. This court affirmed Sammiel's conviction. *See Sammiel v. State*, 42 Fla. L. Weekly D1541 (Fla. 4th DCA July 12, 2017). Because appellant raises the same issue as Sammiel with regard to the motion to suppress, we adopt the analysis in *Sammiel* and affirm without further comment.

Appellant also argues that several of the state's comments during closing arguments deprived him of his due process right to a fair trial. Improper closing arguments, if not preserved, must rise to the level of fundamental error in order to warrant reversal—that is, they must reach "down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained" without them. *Augustine v. State*, 143 So.

3d 940, 941 (Fla. 4th DCA 2014) (citation omitted).  Because "we cannot say that a conviction could not have been obtained absent the prosecutor's improper arguments," we find no reversible error and affirm. *See id.*

*Affirmed.*

WARNER, DAMOORGIAN and LEVINE, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***