DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL DUANE SLAUGHTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1744

[July 11, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562013CF002562A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

FAHNESTOCK, FABIENNE E., Associate Judge.

Daniel Duane Slaughter appeals his convictions and sentences for three charges involving the lewd or lascivious molestation of a child under the age of twelve. Appellant raises two points on appeal. First, Appellant argues that the trial court abused its discretion in overruling defense counsel's objection to the prosecutor's alleged misstatement of the law during closing argument. Second, Appellant argues that the cumulative effect of improper prosecutorial comments made throughout the trial gave rise to fundamental error requiring reversal. We disagree, and affirm on both issues, but write only to further encourage the prosecution to exercise caution in closing argument and avoid injecting emotion and fear into the jury's deliberations.

At trial, the victim testified she was a friend of Appellant's step-daughter and had slept over at Appellant's house on several occasions. The victim explained that Appellant had touched her while she pretended to be asleep and, on one occasion, he placed her hand on his exposed penis. In addition to the testimony provided by the victim, the State called

two *Williams* Rule witnesses who both testified that Appellant had also touched them when they had slept over at Appellant's house.

During rebuttal closing argument, the prosecutor stated:

> I was watching a Smithsonian thing last night it had lions and it said that lions attack their prey when they're handicapped by darkness. That's what this Defendant did. He attacked M.D., he attacked L.M., he attacked S.H. when they were isolated in the room. He came in when they were supposed to be sleeping and he got—did what he wanted to do to them, touching them in a lewd or lascivious manner.

Defense counsel did not object to this comment. The jury found Appellant guilty of two counts of lewd or lascivious molestation of a child under the age of twelve and one count of the lesser included battery.

"A failure to object to improper prosecutorial comment will preclude review, unless the comments were so prejudicial as to constitute fundamental error." *Pacifico v. State*, 642 So. 2d 1178, 1182 (Fla. 1st DCA 1994). "Fundamental error in closing argument is error that reaches down into the validity of the trial itself to the extent that the verdict of guilty could not have been obtained without the assistance of the alleged error." *Augustine v. State*, 143 So. 3d 940, 941 (Fla. 4th DCA 2014) (quoting *Thompson v. State*, 88 So. 3d 322, 324 (Fla. 4th DCA 2012)).

The Florida Supreme Court has consistently cautioned against prosecutors injecting "elements of emotion and fear into the jury's deliberations . . . ." *Urbin v. State*, 714 So. 2d 411, 419 (Fla. 1998) (quoting *King v. State*, 623 So. 2d 486, 488 (Fla. 1993) (further quotations omitted)); *accord Victorino v. State*, 127 So. 3d 478, 494 (Fla. 2013); *Delhall v. State*, 95 So. 3d 134, 169 (Fla. 2012); *Carroll v. State*, 815 So. 2d 601, 622 (Fla. 2002). "Arguments that have no purpose but to inflame the minds or jurors are prohibited, as are general attacks on the defendant's character." *Petruschke v. State*, 125 So. 3d 274, 279 (Fla. 4th DCA 2013).

Here, Appellant argues that the prosecutor's attempt to demonize and dehumanize Appellant by characterizing him as a wild animal constitutes fundamental error. While the prosecutor's statement indeed analogizes Appellant's predatory actions to the predatory actions of a lion, the analogy refers to the scenario in which the victims, or prey, are vulnerable. Furthermore, this statement fails to inflame into the hearts and minds of the jury. This comment does not reach the egregious level of the prosecutorial comments that amount to fundamental error.

*Affirmed.*

DAMOORGIAN and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***