DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VAL VILADOINE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-218

[April 3, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 11-003486CF10A.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Val Viladoine was charged with two counts of sexual battery upon a child less than twelve years of age whom his wife was babysitting after school. The basis of Count I was "causing his penis to penetrate or unite with" the victim's vagina, and the basis of Count II was "causing his finger to penetrate the vagina" of the five-year-old victim. Forensic medical testimony provided physical evidence that an assault had occurred.

Viladoine's primary defense at trial was alibi. He said he was in Miami the day of the incident and that he arrived home at around 5:00 p.m. He denied seeing the victim. Including Viladoine, five witnesses testified in support of the alibi.

The jury convicted Viladoine of Count I and acquitted him of Count II.

We reverse the conviction because the trial court erred in allowing the state to amend Count I of the information during trial to add the charge that the crime was committed with an object.

By the time of trial, the victim was ten years old. As to Count I, the victim testified that appellant "put his gun in my vagina." When asked how she knew it was a gun inside her vagina, she replied, "Because I could hear the noise." The prosecutor asked, "Why do you call it a gun?" and she testified, "Because it's a toy gun and it's shaped like one, that's why." She described the gun: "The color is pinkish something and it's a toy and the color is pink or something. It's a toy and the color is pink."

On cross-examination, the victim testified that she knew the difference between a gun and a penis.

After the state rested, Viladoine moved for judgment of acquittal, focusing on Count I, arguing that there was no testimony that the defendant's penis penetrated or united with the victim's vagina. The state argued that it was for the jury to determine whether what the child described as a gun was actually a penis because the child did not know the word for penis at age five.

The trial judge correctly observed that "there's no evidence that [the victim] ever referred to the male organ as a gun." After a break, the trial court granted the state's motion to amend Count I of the information to add penetration by an object. The court found no prejudice to the defendant because his defense was alibi.

This case is controlled by *Diaz v. State*, 38 So. 3d 791 (Fla. 4th DCA 2010), and *Simbert v. State*, 226 So. 3d 883 (Fla. 4th DCA 2017), sexual assault cases where convictions were reversed because the mode of unlawful contact with the victim, as alleged in the information, was changed mid-trial.

In *Diaz*, a defendant was charged with sexual battery "by inserting his fingers into the victim's vagina." 38 So. 3d at 792. After the state rested at trial, the defendant moved for a judgment of acquittal because the state had not proven digital penetration. *Id.* The trial court permitted the state to amend the information to "include oral union with the victim's vagina." *Id.* We reversed the conviction, writing that "'[p]roof of another separate and distinctly different crime rather than the one charged constitutes a fatal variance in proof which in a criminal case cannot be 'cured' by amending the charging document to conform to the proof of the crime not charged.'" *Id.* at 793 (quoting *Rose v. State*, 507 So. 2d 630, 632 (Fla. 5th DCA 1987)).

Like *Diaz*, *Simbert* involved the charge of lewd or lascivious battery where a mid-trial amendment changed the mode of unlawful contact from

"oral to digital penetration." 226 So. 3d at 884. We held that the amendment changed an "'essential element' of the charged crime." *Id.* We wrote that an "'amendment that substantively alters the elements of the crime charged is per se prejudicial.'" *Id.* at 885 (quoting *Wright v. State*, 41 So. 3d 924, 926 (Fla. 1st DCA 2010)).

Per se prejudice aside, the amendment here altered the way the defense might have prepared the case. Although the child suffered severe injury from the penetration, she did not immediately report the incident when her mother picked her up. The mother took the victim home and began to prepare dinner. About an hour and a half after her mother picked her up from the sitter's, the victim reported bleeding to her mother. Even though the defense was alibi, if the charge was object penetration with a pink toy gun, careful preparation would have focused on whether a pink toy gun was ever present at the sitter's home.

As to the other issues on appeal, we also reverse based on the admission of the five-year-old victim's statement to a detective on the day of the incident. After an evidentiary hearing, the trial court found the statement to be admissible under sections 90.803(23)(a)1. and 2.a., Florida Statutes (2015). Appellate counsel discovered that the notes of that hearing had been lost by the court reporter. This court relinquished jurisdiction for the parties and the trial court to reconstruct the record. The trial court entered several orders attempting to reconstruct what had occurred at the hearing. We have listened to the audio recording of the child's statement and closely examined the transcript of the statement. This is one of those situations where we are in as good a position as was the trial court to evaluate the victim's recorded statement. *See Dooley v. State*, 743 So. 2d 65, 68 (Fla. 4th DCA 1999) ("Insofar as a ruling is based on an audio or videotape, the trial court is in no better position to evaluate such evidence than the appellate court, which may review the tape for facts legally sufficient to support the trial court's ruling."). The statement raises serious concerns about the victim's competence at the time the statement was given. Nothing in the "reconstructed evidence" of the hearing overcomes these concerns.

Finally, we find no abuse of discretion in the court's limitation of the defense attorney's closing argument. While the attorney might well have argued that a reasonable doubt arose from the inability to pinpoint the victim's whereabouts after she returned home with her mother, the trial court properly sustained an objection to the argument that she wandered down the hall, unsupervised, in the apartment complex, in the absence of any evidence to support that speculation.

Consistent with *Simbert,* 226 So. 3d at 888, we reverse the conviction on Count I and remand to the trial court for the entry of a judgment of acquittal on that count.[1]

WARNER, J., and WEISS, DALIAH, Associate Judge, concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Even though at oral argument appellant's counsel touched upon the issue of whether the state would be able on remand to file a new information charging sexual battery by an object, we do not decide the issue because it was not raised or briefed by the parties.